UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ANTHONY J. WILLIAMS,

      Petitioner,                                 Case No. 12-14285

v.                                          Hon. Thomas L. Ludington

CATHERINE S. BAUMAN,

      Respondent.
_____/

**OPINION AND ORDER GRANTING PETITIONER'S MOTION TO HOLD THE
PETITION FOR WRIT OF HABEAS CORPUS IN ABEYANCE**

Anthony J. Williams, (Petitioner), a state prisoner, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition challenges his Wayne Circuit Court convictions for first-degree home invasion, assault with a dangerous weapon, armed robbery, and felony-firearm. Petitioner has filed a motion to stay the habeas corpus proceeding to permit him to return to the state courts. He wishes to file an action for superintending control in the Michigan Supreme Court to compel the Michigan Court of Appeals to reissue its decision in Petitioner's case. For the reasons stated below, this proceeding will be stayed to permit Petitioner to return to the state courts.

**I**

Petitioner was convicted after a jury trial in the Wayne Circuit Court. The conviction was affirmed on November 5, 2009 by the Michigan Court of Appeals, and Petitioner's application for leave to appeal was denied by the Michigan Supreme Court on March 29, 2010. *People v. Williams*, Michigan Supreme Court No. 140286. The time for filing a petition for certiorari in the United States Supreme Court expired 90 days later: June 27, 2010. The one-year statute of limitations period for filing a petition for writ of habeas corpus under § 2254 began the next day, June 28, 2010.

Petitioner asserts that he filed a motion for relief from judgment in the trial court on June 3, 2011, and that the trial court denied the motion by order dated October 14, 2011.  Petitioner alleges that he attempted to appeal this order to the Michigan Court of Appeals, but on June 28, 2012, the court dismissed the appeal because he had not paid the filing fee.  Petitioner maintains that he never received the order dismissing the appeal.  After Petitioner learned of the order, he filed a motion for reconsideration in the Michigan Court of Appeals on August 24, 2012. The appeal was denied as untimely.  According to Petitioner's calculations, he had until September 17, 2012 to file the instant petition.  Although Petitioner claims he signed the instant habeas petition and motion that day, they were not filed by the Clerk's office until September 26, 2012.

## II

Federal district courts are authorized to stay fully exhausted federal habeas petitions pending the exhaustion of other claims. *Moritz v. Lafler*, 2008 WL 783751, at *2 (E.D. Mich. Mar. 19, 2008) (citing *Anthony v. Cambra*, 236 F.3d 568, 575 (9th Cir. 2000)).  The Sixth Circuit Court of Appeals has advised that it is preferable for a district court to stay proceedings pending exhaustion on a habeas petition, rather than dismissing the petition without prejudice. *Griffin v. Rogers*, 308 F.3d 647, 652, n.1 (6th Cir. 2002).

In this case, Petitioner requests a stay to file a complaint for superintending control in the Michigan Supreme Court.  He hopes the Michigan Court of Appeals will be compelled to reissue its order dismissing his appeal from his motion for relief from judgment.  That appeal contained some of the claims that are raised in the current petition, and Petitioner recognizes that they were never presented to the Michigan Supreme Court.  If the order is reissued, Petitioner claims that he will then be able to file an application for leave to appeal in the Michigan Supreme Court and

thereby exhaust the claims.

A common circumstance calling for abating a habeas petition arises when a Petitioner wishes to exhaust claims, but the dismissal without prejudice of the petition would likely result in the second petition being time barred by the AEDPA's statute of limitations. *See Hargrove v. Brigano*, 300 F. 3d 717, 720-21 (6th Cir. 2002). According to Petitioner's motion, the Michigan Court of Appeals dismissed his appeal on June 28, 2012. The period of limitations began running fifty-six days later, or August 23, 2012. See Mich. Ct. R. 7.302(C)(3). And if, as he alleges, Petitioner only had twenty-five days remaining on the limitations period, the time for filing the petition expired the same day he dated the present petition. Accordingly, if the Court were to dismiss without prejudice the petition on exhaustion grounds, Petitioner would be required to re-file his habeas petition on the same day that he satisfied the exhaustion requirement.

The U.S. Supreme Court has suggested that a habeas petitioner who is concerned about the possible effects of his state post-conviction filings on the AEDPA's statute of limitations could file a "protective" petition in federal court and then ask for the petition to be held in abeyance pending the exhaustion of state post-conviction remedies. *See Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005) (citing *Rhines v. Weber,* 544 U.S. 269, 278 (2005)).

However, even where a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines*, 544 U.S. at 278. To ensure that there are no delays by Petitioner in exhausting his state court remedies, this Court will impose time limits going forward. *See Palmer v. Carlton*, 276 F. 3d 777, 781 (6th Cir. 2002).

Petitioner's motion will be granted, and the petition will be held in abeyance to allow him

to pursue post-conviction proceedings in the state courts. This tolling is conditioned upon Petitioner

filing a complaint for superintending control within sixty days, and then returning to federal court

within sixty days of exhaustion of state court post-conviction remedies. *Hargrove*, 300 F. 3d at 721;

*See also Geeter v. Bouchard*, 293 F. Supp. 2d 773, 775 (E.D. Mich. 2003).

### III. ORDER

It is **ORDERED** that Petitioner's motion to hold the petition for writ of habeas corpus in

abeyance is **GRANTED**. Petitioner may file a complaint for superintending control with the state

court within sixty (60) days of receipt of this Court's order. If Petitioner fails to do so by that date,

the Court will dismiss his petition without prejudice.

If Petitioner files the complaint, he shall notify this Court that such papers have been filed

in state court. The case will then be held in abeyance pending Petitioner's exhaustion of the claims.

Petitioner shall re-file a habeas petition within sixty (60) days after the conclusion of the state court

post-conviction proceedings. Petitioner is free at that time to file an amended habeas petition.

To avoid administrative difficulties, the Court **ORDERS** the Clerk of Court to **CLOSE** this

case for statistical purposes only. Nothing in this order or in the related docket entry shall be

considered a dismissal or disposition of this matter. *See Sitto v. Bock*, 207 F. Supp. 2d at 677.

It is further **ORDERED** that upon receipt of a motion to reinstate the habeas petition

following exhaustion of state remedies, the Court may order the Clerk to reopen this case for

statistical purposes.

Dated: October 10, 2012                              s/Thomas L. Ludington
                                                     THOMAS L. LUDINGTON
                                                     United States District Judge

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon Anthony Williams #507451at Alger Maximum Correctional Facility, Industrial Park Drive, P.O. Box 600, Munising, MI 49862 by first class U.S. mail on October 10, 2012.

s/Tracy A. Jacobs
TRACY A. JACOBS