UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION


ANTHONY WILLIAMS,

       Petitioner,                       Civil No. 1:12-cv-14285
                                                   Honorable Thomas L. Ludington


CATHERINE S. BAUMAN,

       Respondent.
_____/

**ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT**

On December 22, 2014, the Court issued an opinion and order dismissing Petitioner's

habeas application after finding that it was filed after expiration of the one-year statute of

limitations under 28 U.S.C. §2244(d). ECF No. 14. Petitioner filed a notice of appeal and sought

a certificate of appealability from the United States Court of Appeals for the Sixth Circuit. On

February 25, 2016, the Sixth Circuit found that the petition was untimely filed. ECF No. 27.

Now, Petitioner has filed a motion for relief pursuant to Federal Rule of Civil Procedure

60(b), arguing that he is entitled to relief from this Court's judgment because shortcomings in the

prison's legal writer program caused his untimely filing. Rule 60(b) allows a party relief from

judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;

> (2) newly discovered evidence, that, with reasonable diligence, could have been
> discovered in time to move for a new trial under Rule 59(b);

> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or
> misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

FED. R. CIV. P. 60(b).

Petitioner moves for relief pursuant to Rule 60(b)(6), which may be used to relieve a party from judgment only in extraordinary circumstances which are not addressed by the first five subsections of Rule 60(b). *Ford Motor Co. v. Mustangs Unlimited, Inc.*, 487 F. 3d 465, 468 (6th Cir. 2007). The Sixth Circuit has stated that: "Courts . . . must apply subsection (b)(6) only as a means to achieve substantial justice when something more than one of the grounds contained in Rule 60(b)'s first five clauses is present. The something more . . . must include unusual and extreme situations where principles of equity mandate relief." *Id*. (internal citations and quotations omitted). Petitioner's argument does not demonstrate that an unusual or extreme situation exists warranting relief from judgment.

Petitioner asserts in his motion that his petition was untimely filed because he lost the ability to work with another prisoner through the prison's legal writer program due to changes in security classifications. He asserts that the inability to communicate or obtain assistance caused him to miss the filing deadline for filing his appeal in the Michigan Supreme Court—resulting in the subsequent untimely filing of his habeas petition. Petitioner is responsible for his own filings, and an inability to consult with another prisoner does not constitute the sort of extraordinary circumstance justifying relief under Rule 60(b)(6).

It is also noteworthy that, in his answer to Respondent's motion to dismiss the petition as untimely, Petitioner asserted that the delay in filing his appeal in the Michigan Supreme Court resulted from the fact that he did not receive the order from the Michigan Court of Appeals before the deadline to file an appeal in the Michigan Supreme Court. *See* ECF No. 13, ¶ 7. Petitioner never asserted in his response to the motion to dismiss, in his motion for reconsideration after the motion to dismiss was granted, or in his appeal to the Sixth Circuit that the delay resulted from changes in security classifications at the prison. Petitioner makes this allegation only years after his petition was dismissed. The circumstances as alleged by Petitioner, if true, would suggest that he might be entitled to relief under Rule 60(b)(1) for "excusable neglect" because he failed to mention his difficulties with the legal writer program—but that subsection requires that the motion for relief from judgment be filed "no more than a year after the entry of the judgment. . . ." Rule 60(c)(1). Petitioner's argument does not demonstrate that an unusual or extreme situation exists that warrants relief from judgment.

Accordingly, it is **ORDERED** that Petitioner's motion for relief from judgment, ECF No. 28, is **DENIED.**


Dated: December 13, 2017           s/Thomas L. Ludington
                                                   THOMAS L. LUDINGTON
                                                   United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 13, 2017.

s/Kelly Winslow
KELLY WINSLOW, Case Manager